RE-92-436                                                                      1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| ANDRES APONTE RIVERA<br>      Recurridos<br><br>      .V<br><br>SEARS ROEBUCK DE P.R., INC.<br><br>      Demandada-recurrente | Revisión y<br>Certiorari<br><br>TSPR98-38 |

Número del Caso: RE-92-436 Cons. CE-92-537

Abogados Parte Demandante: Lic. Luis Sánchez Betances

Abogados Parte Demandada: Lic. Rafael Emmanuelli Jiménez
Lic. Rolando Emmanuelli Jiménez
Lic. Rolando Emmanuelli Sepúlveda
(Bufete Emmanuelli)

Abogados Parte Interventora:

Tribunal de Instancia: Superior, Sala de Ponce

Juez del Tribunal de Primera Instancia: Hon. Luis Muñiz Arguelles

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 4/2/1998

Materia:

    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correciones del
    proceso de compilación y publicación oficial de las
    decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Andrés Aponte Rivera, etc.

    Demandantes-recurridos

|  |  |
|---|---|
| v. | RE-92-436<br>CE-92-537 |

Sears Roebuck de P.R., Inc.

    Demandado-recurrente

RESOLUCIÓN

San Juan, Puerto Rico, a 2 de abril de 1998

Vista la Moción Solicitando Permiso para Presentar Moció de Reconsideración con Página Adicional, se concede la misma.

A la moción presentada por la recurrente, Sears Roebuc de P.R., Inc., mediante la cual solicitó reconsideración d la opinión que certificáramos en el caso de epígrafe el 24 d febrero de 1998, no ha lugar.

De otra parte, en la sentencia parcial emitida por e Tribunal Superior, Sala de Ponce, se hizo una determinació de temeridad contra la recurrente Sears Roebuck de P.R., Inc A ésta se le impuso la suma de mil quinientos dólare ($1,500) por concepto de honorarios de abogado por temerida e intereses desde la fecha de presentación del pleito.

En la opinión mayoritaria que certificara este Tribunal e el caso de epígrafe, la Juez ponente Señora Naveira de Rodón el Juez Presidente Señor Andréu García y el Juez Asociad Señor Hernández Denton resolvieron que no procedía l imposición de honorarios por temeridad. Por su parte, e Juez Asociado Señor Negrón García emitió una opinió disidente, a la cual se unió el Juez Asociado Señor

Rebollo López. En dicha opinión disidente se dispuso que la sentencia recurrida debía ser revocada en su totalidad. El Juez Asociado Señor Fuster Berlingeri fue el único que estuvo conforme con la determinación del tribunal de instancia. El Juez Asociado Señor Corrada del Río no intervino.

En la sentencia dictada por este Tribunal en el caso de epígrafe, por error involuntario, se dispuso la confirmación de la imposición de honorarios de abogado por temeridad al estar "igualmente dividido el Tribunal".

En vista de que cinco (5) de los seis (6) Jueces que intervinieron en el caso están de acuerdo en que la parte recurrente no fue temeraria en la defensa del caso, se enmienda nunc pro tunc la opinión y sentencia certificada en el caso de epígrafe a los únicos fines de aclarar que no procede la imposición de honorarios de abogado por temeridad hecha por el Tribunal de Primera Instancia, Sala Superior de Ponce.

A estos efectos, se enmienda la primera página de la opinión para eliminar el asterisco del encabezado, y su texto al pie de la página, para que lea:

"Opinión emitida por la Juez Asociada señora NAVEIRA DE RODÓN"

Se enmienda, además, el último párrafo de la opinión para que lea:

Por los fundamentos antes expuestos, se dictará sentencia confirmando la sentencia parcial emitida por el entonces Tribunal Superior, Sala de Ponce, en cuanto a la determinación de responsabilidad absoluta de la parte demandada recurrente por los daños causados al demandante por la explosión de la batería, y revocando aquella parte de la sentencia parcial imponiendo honorarios por temeridad. Se devuelve el caso al tribunal de instancia para que continúe con los procedimientos en forma compatible con esta Opinión y se confirma la resolución del tribunal de instancia que denegó la moción solicitando la aprobación de un Memorando de Costas.

Se enmienda también la sentencia emitida en el caso de epígrafe para que lea:

Por los fundamentos antes expuestos, se dictará sentencia confirmando la sentencia parcial emitida por el entonces Tribunal Superior, Sala de Ponce, en cuanto a la determinación de responsabilidad absoluta de la parte demandada recurrente por los daños causados al demandante por la explosión de la batería, y revocando aquella parte de la sentencia parcial imponiendo honorarios por temeridad. Se devuelve el caso al tribunal de instancia para que continúe con los procedimientos en forma compatible con esta Opinión y se confirma la resolución del tribunal de instancia que denegó la moción solicitando la aprobación de un Memorando de Costas.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Fuster Berlingeri emitió Opinión de Conformidad en cuanto a la determinación de responsabilidad absoluta de la parte demandada recurrente y disintió en cuanto a la revocación de los honorarios de abogado. El Juez Asociado Señor Negrón

García emitió Opinión disidente, a la cual se unió el Juez Asociado señor Rebollo López. En dicha opinión dispuso que se debería revocar la sentencia en su totalidad. Por consiguiente, ambos Jueces concurren la determinación de revocar la imposición de honorarios de abogado por temeridad contra la parte demandada recurrente. El Juez Asociado Señor Corrada del Río no intervino.


Publíquese.


Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados Señores Negrón García y Fuster Berlingeri reiteran sus respectivas posiciones. Los Jueces Asociados Señores Rebollo López y Corrada del Río no intervinieron.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo